**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SHAUN URWILER,

        Plaintiff,

v.                                                                                          Case No. 8:22-cv-1273-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.

_____

## **OPINION AND ORDER**[1]

### **I. Status**

Shaun Urwiler ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of post-traumatic stress disorder, bipolar disorder, and chronic back pain. Transcript of Administrative Proceedings (Doc. No. 10; "Tr." or "administrative transcript"), filed July 29, 2022, at 117, 129, 314. Plaintiff protectively filed an application for DIB on February 1, 2021, alleging a disability onset date of

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 8), filed July 29, 2022; Reference Order (Doc. No. 11), entered August 1, 2022.

January 1, 2021.² Tr. at 284-85. The application was denied initially, Tr. at 116-26, 127, 155, 157, 158-64, and upon reconsideration, Tr. at 128-48, 149, 166, 168, 169-81.³

On November 18, 2021, an Administrative Law Judge ("ALJ") held a hearing,⁴ during which he heard testimony from Plaintiff, who was represented by a non-attorney representative, and a vocational expert ("VE"). See Tr. at 82-115. On January 28, 2022, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 67-77.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council. See Tr. at 56-57 (Appeals Council exhibit list and order), 263-64 (request for review). On March 30, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at 53-55, thereby making the ALJ's Decision the final decision of the Commissioner. On June 3, 2022, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

---

² Although actually completed on February 3, 2021, see Tr. at 284, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as February 1, 2021, see, e.g., Tr. at 117, 129.

³ Some of these cited documents are duplicates.

⁴ The hearing was held via telephone with Plaintiff's consent because of extraordinary circumstances presented by the early stages of the COVID-19 pandemic. Tr. at 85-86, 184-97, 215-28, 256.

On appeal, Plaintiff argues the ALJ erred by: (1) "concluding Plaintiff's severe impairment did not meet the Listing for Post-Traumatic Stress Disorder"; and (2) "improperly disregard[ing] the supporting evidence underlying the [Department of Veterans Affairs ("VA") disability] determination as required by [20 C.F.R. § 404.1504]." Plaintiff's Brief (Doc. No. 16; "Pl.'s Br."), filed October 17, 2022, at 3, 9. On December 2, 2022, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 17; "Def.'s Mem.") responding to Plaintiff's arguments.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of the VA evidence. On remand, reevaluation of this evidence may impact the Administration's consideration of the remaining issue on appeal. For this reason, the Court need not address the parties' arguments on that issue. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II. The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 69-77. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since January 1, 2021, the alleged onset date." Tr. at 69 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following

---

[5]  "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

- 4 -

severe impairments: posttraumatic stress disorder, depression, and degenerative disc disease of the cervical spine." Tr. at 69 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 70 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) except with the following specific limitations. He can lift and/or carry twenty pounds occasionally and ten pounds frequently; stand and/or walk six hours in an eight-hour workday; walk six hours in an eight-hour workday; he can never climb ladders, ropes, and scaffolds and can frequently climb ramps and stairs and frequently kneel and crawl; he must avoid concentrated exposure to extreme cold, extreme heat, humidity, and hazards, such as moving mechanical parts and unprotected heights; [he] is limited to occasional interactions with coworkers and public; and he can adapt to occasional changes in the workplace.

Tr. at 72 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "surgical technician" and a "lawn sprinkler installer." Tr. at 75 (some emphasis, capitalization, and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("45 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony

- 5 -

and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 75-76 (emphasis and citations omitted), such as "Hotel housekeeper," "Shellfish preparer," and "Silver wrapper," Tr. at 76. The ALJ concluded Plaintiff "has not been under a disability . . . from January 1, 2021, through the date of th[e D]ecision." Tr. at 77 (emphasis and citation omitted).

## III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine

whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff contends the ALJ erred in "fail[ing] to consider or thoughtfully discuss the factual and functional determinations underlying [Plaintiff's] disability determination by the [VA]." Pl.'s Br. at 9. Plaintiff points to "substantial medical records from the VA" that were not discussed or considered by the ALJ. Id. at 11. Recognizing that the VA disability rating is not binding on the SSA, Plaintiff contends nonetheless that the ALJ abrogated the requirement to "thoughtfully evaluate[]" the evidence underlying and supporting it. Id.

Responding, Defendant contends—incorrectly—that Plaintiff did not submit any medical evidence or relevant material predating the January 2018 VA disability decision. Def.'s Mem. at 13. Even if he had, argues Defendant, the evidence "would be of minimal value because it would have significantly predated the relevant period." Id. at 13 n.3. Based upon the erroneous factual assertion that there is no evidence predating January 2018, Defendant

contends the ALJ adequately complied with the governing Regulations. Id. at 13-14.

The Regulation applicable here (applicable to all claims filed on or after March 27, 2017), directs that a SSA ALJ will "not provide any analysis . . . about a decision made by another governmental agency . . . about whether [a claimant is] disabled." 20 C.F.R. § 404.1504 (2017). The Regulation further directs: "However, we will consider all of the supporting evidence underlying the other governmental agency['s] . . . decision that we receive as evidence in your claim." Id.; see also Noble v. Comm'r of Soc. Sec., 963 F.3d 1317, 1324 (citation omitted) (11th Cir. 2020) (noting this requirement of the 2017 version of the Regulation).

The ALJ in the Decision recognized the VA determination "that there is no expectation that [Plaintiff's] condition will improve." Tr. at 73 (citing Plaintiff's pre-hearing brief at Exhibit [C]26E, pp. 1-2, located at Tr. at 400-01). The ALJ rejected this "presumption," because, according to the ALJ, the findings by the VA are "neither valuable nor persuasive" and the VA relies on different standards. Tr. at 73. Later, in discussing the opinion evidence of record, the ALJ wrote again that "[a]ny findings/functional determinations related to disability status by the [VA] are neither valuable nor persuasive." Tr. at 75 (citing 20 C.F.R. § 1520b(c)(1)).

The ALJ did not comply with the Regulation applicable to the VA evidence, and reversal with remand is required. To begin, although Defendant

contends otherwise, Plaintiff did submit the evidence upon which the VA disability rating was based.[6] See Tr. at 403-20. In a VA "Health Summary" and "Psych PTSD Review" dated December 20, 2017 and included in the administrative transcript, the effects of Plaintiff's PTSD are documented in detail. Tr. at 403-20 (some capitalization omitted). Among other things, the Heath Summary contains a diagnostic summary, symptoms, occupational and social difficulties, then-recent history, and behavioral observations. Tr. at 403-20.

The ALJ did not acknowledge any of this in the Decision. Although true that it pre-dates the alleged onset disability date, it is still "supporting evidence underlying the [VA's] . . . decision" that was received by the SSA. 20 C.F.R. § 404.1504. The ALJ was required to at least consider it. Moreover, the ALJ's blanket statement when evaluating opinion evidence that "[a]ny findings/functional determinations related to disability status by the [VA] are neither valuable nor persuasive," Tr. at 75, without any actual discussion of any of the VA findings and functional determinations, cannot suffice for this Court

---

[6] The Administration exhibited this evidence as "Representative Brief," perhaps because it was attached to Plaintiff's pre-hearing brief. But, it was part of the record that was considered by the ALJ. See Tr. at 86-87 (ALJ admitting Exhibit C26E, which is the brief with the attached evidence). In Plaintiff's pre-hearing brief, he noted he was attaching the evidence "because[,] while the evaluation occurred pre-onset, the severity and diagnostic criteria[] are well documented, [and] the report serves as documentation for the longevity of the condition." Tr. at 401.

to review the ALJ's rationale as to any of the VA evidence (including the evidence underling the VA disability rating). Reversal and remand is required. Finally, the undersigned notes that the administrative transcript contains evidence from the VA that is not marked as an exhibit and was not acknowledged by the ALJ or the Appeals Council. See Tr. at 1-52. This evidence post-dates the alleged onset date and should be considered on remand.

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reconsider the VA evidence (including the evidence underlying the VA disability rating);

(B) If appropriate, address Plaintiff's other argument in this appeal; and

(C) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 21, 2023.

                                         */s/ James R. Klindt*
                                         JAMES R. KLINDT
                                       United States Magistrate Judge

kaw
Copies to:
Counsel of Record